## SIMPSON V. BARTHOLOMEW.

PROMISSORY NOTE: FAILURE OF CONSIDERATION.

*Appeal from Lucas District Court.*

THURSDAY, OCTOBER 21.

ACTION on a promissory note. The defendant pleaded a failure of consia-eration. Trial to the court, judgment for the defendant, and the plaintiff appeals.

*Mitchell & Penick,* for appellant.

*Stuart Brothers,* for appellee.

SEEVERS, J.—The note sued on is payable to John Bartholomew, and plaintiff is administrator of his estate. The defendant is the son of said John, who in his lifetime determined to give each of his children eighty or one hundred acres of land. The value of the tract given to each was to be determined, and the same equalized by the children getting the more valua-ble parcels paying or giving their notes to their father for the excess in value over the least valuable tract. It was the intention of the said John to give the defendant the s ½ nw ¼ and s ½ nw ne ¼, section eighteen, township four north, of range one east, in Fulton county, Illinois. Instead of convey-ing the same to the defendant, the said John gave him a bond, whereby he obligated himself to convey by warranty deed to the defendant certain *other* land, upon condition the defendant would pay $428.52. This bond the defendant testified he never saw until the commencement of this suit. As there was no evidence contradictory thereto, the District Court was warranted in finding the defendant spoke the truth in this respect. The land described in the bond was afterward conveyed to the defendant by his father, but the latter did not own the same, and the defendant never obtained any title thereto.

On the day previous to the execution of said conveyance the defendant executed the note sued on, and the court below was fully warranted in find-ing the same was given for the excess in value of the land first mentioned, which the said John at one time intended to convey to the defendant over the land conveyed to some other child. Afterward Jasper Bartholomew, a brother of the defendant's, prevailed upon his father to convey to him the land aforesaid intended to have been given to the defendant, although other land had been conveyed to said Jasper as his share under the above stated arrangement. This last tract Jasper sold, and paid the proceeds to the defendant. Before doing so, Jasper required the defendant to convey to him the land intended to have been given the defendant, to which the latter had no record title.

The court below found, and was justified in so doing, that the land sold by Jasper, the proceeds of which were paid to the defendant, was inferior, and

consequently must have been of less value than the tract intended to have been given the defendant; and as the only consideration of the note sued on was the supposition on the part of the defendant and his father that the land intended to have been given the defendant was of greater value than that given some other child, we think the consideration has failed, and the plaintiff cannot recover. Counsel for the plaintiff insist Jasper knew of the intention of his father, and that the defendant could have compelled him to convey the land intended to have been given the defendant. Possibly this is so, but we do not think the defendant was bound to incur either the expense or risk of a lawsuit. On the contrary, we think he had the right, and could well accept, whatever amount Jasper saw proper to pay him without rendering himself liable to pay the note.

AFFIRMED.